UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

FRANK EDWIN PATE,

    Petitioner,

v.                                                   Case No. 3:21cv1049-MCR-HTC

M V JOSEPH WARDEN,

    Respondent.

_____/

ORDER
REPORT AND RECOMMENDATION

Petitioner, Frank Pate, a federal inmate at Pensacola Federal Prison Camp, filed a petition under 28 U.S.C. § 2241 challenging the manner in which his sentence, credits, and home-confinement eligibility is being determined. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). Upon consideration, the undersigned recommends this action be dismissed *sua sponte* for failure to exhaust administrative remedies.

**I.    THE PETITION**

Pate raises six (6) grounds for relief and admits he has not exhausted any of them. In Ground One, Pate alleges, "FSA of 2018 'Work Credits' Violation" – "BOP

refuses to apply FSA work credits to Petitioner's sentence computation. This delay's Petitioner's release date almost 18 months. Violating due process. " ECF Doc. 1 at 3. Pate further alleges exhaustion was "Futile, as they are not trained yet." *Id.*

In Ground Two, Pate alleges, "FSA 'over 60' early release at 66.6%" – "BOP is applying an act of Congress unconstitutionally. Age discrimination. Cannot be equal under the U.S. Constitution's 14th Amend. If applied to Petitioner's sentence, he would be released." *Id.* Pate admits he did not exhaust and provides the following cryptic explanation, "Futility - no reply on any effects as to law." *Id.* at 4.

In Ground Three, Pate alleges, "CARES ACT discrimination" – "FPC Pensacola refuses to give equal treatment to CARES ACT (home confined) to Petitioner. This violates 14th Amend. and 8th Amend. and 5th Amendment." *Id.* Plaintiff further alleges exhaustion is "still in process (BP-9)." *Id.*

In Ground Four, Pate alleges, "FSA 'Educational' Course Credits, unavailable" – "FPC Pensacola refuses to offer full-time educational classes, to allow Petitioner to reduce his sentence. 14th Amend. violations, 5th Amendment violations, 8th Amend." *Id.* Pate admits he did not exhaust this ground and gives no explanation why. *Id.*

In Ground Five, Pate alleges, "Cruel and unusual - Covid-19 'lockdown'" – "W/out a vaccine, Petitioner is only allowed free movement on Weds/Sats. All other days, Petitioner must stay indoors. 14th Amend., 8th, Amend. and 5th Amend." *Id.*

at 5. Pate once again admits he did not exhaust his remedies and gives no reason why. *Id.*

Finally, in Ground Six, Pate alleges, "'Hard time' (due to COVID lockdown)" – "FPC Pensacola can provide goodtime credits for 24 hr lockdowns the last 18 months. The BOP is not providing such relief." *Id.* Pate admits he did not exhaust this ground and alleges, generally, "futility doctrine." *Id.* at 5-6.

## II.    HABEAS RULE 4

A district court has the power under Rule 4 of the Rules Governing Section 2254 Cases "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). Rule 4 provides, in pertinent part, that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. foll. § 2254, Rule 4; *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649 (11th Cir. 2020).

A court may *sua sponte* dismiss a habeas petition under Rule 4 if it is untimely or if the petitioner failed to exhaust. *See Jackson v. Secretary for the Department of Corrections,* 292 F.3d 1347, 1349 (11th Cir. 2002) ("[W]e hold that the district court possessed the discretion to raise *sua sponte* the timeliness issue."); *Hill v. Braxton,* 277 F.3d 701, 705 (4th Cir. 2002) ("Even though the limitations period is an

affirmative defense, a federal habeas court has the power to raise affirmative defenses *sua sponte*, as the district court did in this case."); *Cannata v. United States*, No. 4:21CV283-MW-HTC, 2021 WL 4254942, at *1 (N.D. Fla. Aug. 18, 2021), *report and recommendation adopted*, No. 4:21CV283-MW/HTC, 2021 WL 4244283 (N.D. Fla. Sept. 17, 2021) (dismissing § 2241 petition *sua sponte* based on lack of exhaustion).

As the Eleventh Circuit noted in *Paez*, when Rule 4 was adopted, the Advisory Committee was aware of the suggestion "that an answer should be required in every habeas proceeding," and "rejected that idea." *Paez*, 947 F.3d at 654. Moreover, "[i]n support of the broad interpretation of Rule 4, the Advisory Committee cited *Allen v. Perini*, 424 F.2d 1134 (6th Cir.1970)", a case in which the Sixth Circuit held that a district court has authority to dismiss a petition *sua sponte* for failure to exhaust state remedies. *Id.*

III.   **EXHAUSTION REQUIREMENTS UNDER 28 U.S.C. § 2241**

While exhaustion is not a jurisdictional issue, a petitioner seeking relief under § 2241 must first exhaust available administrative remedies. *See Santiago–Lugo v. Warden*, 785 F.3d 467, 474–75 (11th Cir. 2015) (the judge made requirement of exhaustion, while not jurisdictional, is still a requirement). Indeed, "the exhaustion requirement applies to the computation of sentence credit awards," such as at issue here. *Barron v. Adduci*, 2016 WL 3958729 at *1 (N.D. Ala. June 14, 2016) (citing

*United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000) (a claim asking the court to grant credit for time-served can be brought under Section 2241 only after a petitioner has exhausted administrative remedies)). To properly exhaust administrative remedies, a petitioner must comply with the applicable agency's deadlines and procedural rules. *See Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006) (addressing the exhaustion requirement in the Prison Litigation Reform Act).

The requirement that the exhaustion of remedies occur "first in an agency setting allows 'the agency [to] develop the necessary factual background upon which decisions should be based' and giv[es] 'the agency a chance to discover and correct its own errors.' " *Green v. Sec'y, Dep't of Corr.,* 212 F. App'x 869, 871 (11th Cir. 2006) (quoting *Alexander v. Hawk,* 159 F.3d 1321, 1327 (11th Cir. 1998)). Also, requiring exhaustion is the prison setting "eliminate[s] unwarranted federal-court interference with the administration of prisons" and allows "corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Woodford,* 548 U.S. at 93.

The agency here is the Federal Bureau of Prisons ("BOP"). The BOP provides an internal grievance procedure for its inmates. *See* 28 C.F.R. § 542.10, *et seq.* A federal inmate must "first present an issue of concern informally to staff" who must "attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." *See* 28 C.F.R. § 542.13(a). If the informal resolution

procedures fail to resolve the issue, generally a prisoner must complete a three-step sequential formal process. An inmate first must submit a formal Request for Administrative Remedy on the BP-9 form to the Warden within 20 days of the incident. *See* 28 C.F.R. § 542.14(a). If the inmate is not satisfied with the Warden's response, he may submit an appeal on the BP-10 form to the Regional Director within 20 days of the Warden's response. *See* 28 C.F.R. § 542.15(a). If the inmate is dissatisfied with the Regional Director's response, he may submit an appeal on the BP-11 form to the General Counsel at the Central Office within 30 days of the Regional Director's response. *See id.*

## IV.   ANALYSIS

As stated above, Pate admits he has not properly exhausted his administrative remedies as to any claim prior to filing the petition. As to Ground Three, Pate states he is in the process of exhausting. Thus, there is no question that claim should be dismissed. Similarly, as to Grounds Four and Five, Pate makes no argument as to why exhaustion should be waived. Thus, those claims should also be dismissed.

As to Grounds One, Two, and Six, Pate alleges, generally, that exhaustion would be futile. That argument, however, is not well-taken. First, "there are grounds for doubt that a futility exception is available on a § 2241 petition in this circuit." *Tankersley v*. Fisher, 2008 WL 4371797, at *3 (N.D. Fla. September 22, 2008). The Eleventh Circuit has held that there is no futility exception applicable to the

exhaustion requirement in a § 2241 proceeding. *McGee v. Warden, FDC Miami,* 487 F. App'x 516, 518 (11th Cir. 2012) (rejecting argument that futility exception applicable to exhaustion prior to bringing a § 2254 petition is applicable to exhaustion requirement for a § 2241 petition); *Moore v. Colon*, 2020 WL 5868179, at *4 (S.D. Fla. July 27, 2020), *report and recommendation adopted,* 2020 WL 5848687 (S.D. Fla. Sept. 30, 2020) (finding argument that exhaustion would be futile because petitioner will contract COVID-19 if he remains in BOP custody inapplicable to § 2241 cases).

Second, even if a futility exception were available, Pate has alleged no grounds for invoking it in this case. Futility should be applied only in "extraordinary circumstances," and it is Pate's burden to demonstrate the futility of administrative review. *See Fuller v. Rich,* 11 F.3d 61, 62 (5th Cir.1994) (per curiam); *Jaimes v. United States,* 168 F. App'x 356, 359 (11th Cir. 2006) ("[Petitioner] does not show that his case involves extraordinary circumstances, and does not adequately explain why administrative review would prove futile. Thus, the district court properly denied his petition under § 2241."). Pate's conclusory reference to exhaustion being "futile," does not make it so.

V. **CONCLUSION**

It is clear from the face of the petition Pate failed to exhaust his administrative remedies prior to filing this habeas action. Thus, this case should be dismissed

Case No. 3:21cv1049-MCR-HTC

without prejudice. *See e.g., Riley v. Williams,* 2020 WL 8673988, at *2 (N.D. Ohio July 7, 2020) ("Accordingly, in that the Petition on its face indicates Petitioner has not yet exhausted his remedies with the BOP and the Court does not find Riley's conclusory assertion of futility sufficient to excuse exhaustion in the COVID-19 context, his Petition is dismissed without prejudice to re-filing upon full exhaustion in accordance with 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Habeas Corpus Cases."); *see also, See e.g., Garcia v. Middlebrooks,* No. 5:08cv165/RH/MD, 2008 WL 2775951 (N.D. Fla. July 12, 2008) (dismissing *sua sponte* for lack of jurisdiction § 2241 petition challenging the BOP's computation of sentence credit under 18 U.S.C. § 3585, where petitioner was in the process of exhausting his administrative remedies at the time he filed his petition); *Lee v. United States,* No. 5:06cv224/MCR/MD, 2007 WL 707508 (N.D. Fla. Mar. 5, 2007) (dismissing *sua sponte* for lack of jurisdiction § 2241 petition challenging the BOP's computation of sentence credit under 18 U.S.C. § 3585, where petitioner had not initiated administrative grievance process at the time he filed his petition, but initiated it while habeas case was pending); *McLeod v. Henry,* No. 5:02cv272/MMP/MD (N.D. Fla. Oct. 1, 2002) (dismissing *sua sponte* for lack of jurisdiction § 2241 petition challenging the BOP's computation of sentence credit

under 18 U.S.C. § 3585, where petitioner was in the process of exhausting his administrative remedies at the time he filed his petition).[1]

Also, Pate had "ample notice and opportunity to explain why his petition was timely in his form petition," and will have an additional opportunity to respond to this report and recommendation. *See Paez*, 947 F.3d at 654. Thus, although the undersigned is recommending the petition be dismissed *sua sponte*, Pate will have fair notice of the Court's action prior to any dismissal. Likewise, the undersigned will direct the clerk to serve a copy of this report and recommendation on the Secretary so that the Secretary will also have an opportunity to respond, "including an opportunity to inform the District Court if it intended to waive the [exhaustion] defense." *Id.* at 655.

Finally, the undersigned notes that Petitioner prepaid the costs for the clerk to make two (2) copies of the petition. Because the undersigned does not find the petition sufficient to be served, the clerk shall hold onto those funds and will issue a refund to Petitioner upon adoption of the report and recommendation. If the report is not adopted, the clerk will be directed to apply those funds toward copying costs.

---

[1] Although these cases were decided prior to *Santiago-Lugo*, when the Eleventh Circuit made clear that exhaustion as to a § 2241 petition is not jurisdictional, they are nonetheless applicable, particularly given the *Paez* decision.

Case No. 3:21cv1049-MCR-HTC

Accordingly, it is ORDERED:

1. The clerk shall serve a copy of this report and recommendation on Respondent Warden.

It is also respectfully RECOMMENDED:

1. That the petition under 28 U.S.C. § 2241 be dismissed.

2. That the clerk be directed to close the file.

DONE at Pensacola, Florida this 13th day of December, 2021.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.